

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2007

# USA v. Garner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2406

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Garner" (2007). *2007 Decisions*. Paper 1261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2406
_____

UNITED STATES OF AMERICA

v.

MARCUS GARNER,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 05-cr-0205)
District Judge: Hon. William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2007

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>.


_____

(Filed: April 18, 2007 )

<u>OPINION OF THE COURT</u>

CHAGARES, Circuit Judge.

Counsel for Marcus Garner petitions this Court for permission to withdraw from

representation of Garner pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the

reasons that follow, we will grant the motion and affirm Garner's conviction and sentence.

On October 12, 2005, a grand jury returned a two-count indictment charging Garner with interstate travel in aid of racketeering and possession of crack cocaine with intent to distribute in violation of 18 U.S.C. § 1952 and 21 U.S.C. § 841(a)(1), respectively. Pursuant to a plea agreement, Garner pled guilty to the racketeering charge on December 12, 2005. In exchange for Garner's plea of guilty, the Government agreed to dismiss the drug possession charge, and to recommend a two-level reduction in Garner's offense level, which it did.

Thereafter, the District Court commissioned the preparation of a Presentence Report (PSR). The PSR determined that Garner's total offense level was 26, and his criminal history was category IV, which corresponded to a Guideline range of 92-115 months. Because the statutory maximum Garner could receive was 60 months, his actual exposure was substantially less than his Guideline range would indicate. Garner made no objections to the PSR.

On April 13, 2006, the District Court sentenced Garner to 60 months imprisonment. This appeal ensued.[1]

The Anders brief submitted to this Court demonstrates that Garner's attorney has "thoroughly examined the record in search of appealable issues," and has explained why any issues arguably supporting the appeal are frivolous. United States v. Youla, 241 F.3d

_____

[1] Because Garner has not filed a pro se brief, we do not know what error he assigns to the District Court.

2

296, 300 (3d Cir. 2001). Moreover, an independent review of "those portions of the record identified by [the] Anders brief" reveals no non-frivolous issues Garner might profitably raise on appeal. Id. at 301. Accordingly, we will grant the Anders motion and affirm Garner's conviction and sentence without appointing new counsel. See 3d Cir. L.A.R. 109.2.